# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEX TAUATI,

    Defendant.

Case No. CR-S-2:05-CR-00211-KJD-GWF
          2:09-cv-01184-KJD-GWF

**ORDER**

    Before the Court is Alex Tauati's Motion to Vacate Under 28 U.S.C. 2255 (#91).

I. Background

    On October 31, 2006 Tauati pled guilty to count one of the indictment – violation of 21 U.S.C. §846, 841( a )(b), 841(b) (1) (A) (viii) Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance. The plea agreement allowed for the parties to argue whether Tauati's offense level would be increased based on possession of a dangerous weapon.

    The Court ordered a pre-sentence investigation report and held two evidentiary hearings focused on the issue of whether Tauati was in possession of a firearm on March 1, 2005, when he offered drugs to an undercover police officer. Officer Sendano testified that he saw Tauati in

possession of a gun on March 1, 2005 and that in later meetings Tauati told him "I carry my gun 24/7" and other similar statements. The Court heard testimony and recordings and determined that "the Government has established the presence of a dangerous weapon in connection with the offense." Tauati was sentenced to 135 months imprisonment and 5 years supervised release. Judgment was entered on June 18, 2007 and Tauati's 9th Circuit appeal was dismissed on May 14, 2008. This Motion was timely filed on June 29, 2009.

II. Discussion

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review. Further, section (4)(b) states that "if the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time." 28 U.S.C. § 2255(4)(b).

    1. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are governed by the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. Williams v. Taylor, 529 U.S. 362, 390–391 (2000) (citing Strickland, 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. A reasonable probability is "probability sufficient to undermine confidence in the outcome." Id. Additionally, any review of the attorney's performance must be "highly deferential"

and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. Strickland, 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. Id. A strategic decision to pursue a particular defense to the exclusion of other available defenses is presumed reasonable. Id. at 690–91; Bell v. Cone, 535 U.S. 685 (2002); Anderson v. Calderone, 232 F.3d 1053, 1087–90 (9th Cir.2000).

### a.  Possession of a Dangerous Weapon

Tauati argues that his counsel, Michael Sanft, was ineffective in arguing that Tauati did not possess a weapon because Sanft failed to contact Clint Roberts to investigate whether he could be used as a witness. According to Tauati, in 2004 Clint Roberts purchased a weapon from Tauati and destroyed it. Tauati has submitted an affidavit from Roberts to this effect. Tauati argues that if Sanft obtained this mitigating evidence from Roberts, Tauati would not have been found to be in possession of a weapon and would have had a lower base offense level.

Tauati has failed to demonstrate that Sanft's conduct was below the objective standard of reasonableness. This Court strongly presumes that counsel made his decision not to contact Roberts in the exercise of reasonable professional judgment. See Strickland, 466 U.S. at 688.  In reviewing the transcript of the proceeding it is clear that Sanft effectively functioned as counsel for Tauati by cross-examining the officer about the weapon, his ability to see it, and whether or not it could have been a toy or anything else.

Tauati also fails to show prejudice.  The police officer who testified at the hearing unequivocally stated that he saw Tauati with a handgun and noted that the weapon had an extended magazine.  The officer believed it the gun was .40 caliber because it appeared to be the same caliber as the officer's own weapon. The officer then checked Clark County records and discovered that a .40 caliber Hi-Point handgun is registered to Tauati. However, the officer never testified that the make of the gun he saw was Hi-Point or that it was the gun registered to Tauati. Clint Roberts' testimony that he destroyed the .40 caliber Hi-Point registered to Tauati, even if credited, would not

have changed the outcome of the proceeding. The officer's testimony that he saw Tauati with a handgun combined with Tauati's statements to the officer that he always carried a gun provided the Court with sufficient evidence to conclude that Tauati was in possession of a firearm, even if it was not the same weapon registered to him. Accordingly, the ineffective assistance of counsel claim related to the possession of a dangerous weapon enhancement fails.

### b. Sentencing Disparity

Tauati argues that his counsel was ineffective because he failed to argue that there was a disparity in sentencing between Tauati and co-defendant Jason Sparks. Tauati has not pointed to any error in the calculation of the sentences. Instead, Tauati states that his counsel should have argued that his sentence was in error because Sparks received a sentence only 9 months longer than his own and did not receive supervised release. However, the Judgment (#55) against Spark reflects a sentence of 151 months – 16 months longer than Tauati's – and is followed by 5 years of supervised release. Any argument by Sanft that there was disparity between Tauati and Spark's sentences would not have affected the sentence imposed by the Court. Accordingly, the claim for ineffective assistance of counsel based on sentencing disparity fails.

### III. Conclusion

**IT IS HEREBY ORDERED THAT** Alex Tauati's Motion to Vacate Under 28 U.S.C. 2255 (#91) is **DENIED**.

DATED: June 5, 2012

_____
Kent J. Dawson
United States District Judge